

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

FILED
Aug 13, 2020
10:28 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

| | |
|---|---|
| Custodio Lopez | ) Docket No. 2019-08-0785 |
| | ) |
| v. | ) State File No. 51638-2019 |
| | ) |
| Fayette Janitorial Service, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

---

### Affirmed and Certified as Final

---

The claimant filed a petition alleging he was injured when he fell from a ladder while working for the employer. In response, the employer filed a motion for summary judgment, arguing that the claimant was an independent contractor, not an employee. Following a hearing, the trial court granted the employer's motion for summary judgment, concluding the employer had shown that the claimant's evidence was insufficient as a matter of law to establish an employment relationship, an essential element of the claimant's case, and that there were no genuine issues of material fact. The trial court dismissed the claim with prejudice, and the claimant has appealed. We affirm the trial court's order and certify it as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Custodio Lopez, Horn Lake, Mississippi, claimant-appellee, pro se

Paul Nicks, Germantown, Tennessee, for the employer-appellant, Fayette Janitorial Service, LLC

1

# Memorandum Opinion[1]

Custodio Lopez ("Claimant"), a resident of Horn Lake, Mississippi, alleged he suffered an injury arising out of and in the course and scope of his work for the purported employer, Fayette Janitorial Service, LLC ("Employer"). In his petition for benefits, Claimant asserted that on May 27, 2019, he was working on a ladder at a job site in Memphis, Tennessee, when he fell, resulting in injuries to his right arm and wrist, back, and left leg.[2] Employer's workers' compensation insurer filed a notice of denial, asserting that Claimant was an independent contractor and that there was no employee/employer relationship.

Thereafter, Employer filed a motion for summary judgment, arguing that Claimant was unable to come forward with sufficient evidence of an essential element of his claim, i.e., the existence of an employment relationship, and that Employer was entitled to judgment as a matter of law. In support of its motion, Employer filed a statement of undisputed facts and produced two documents, one entitled "Independent Contractor Agreement" and the other entitled "Subcontractor I-9 Compliance Agreement," both signed by Claimant. In addition, Employer submitted an affidavit from Employer's CEO in which she stated: (1) Claimant operated his own painting business; (2) Claimant maintained his own workers' compensation insurance coverage but had allowed it to lapse prior to the date of the alleged accident; (3) Claimant was paid with a Form 1099 as an independent contractor and was expected to pay any workers he hired out of that payment; (4) Employer did not provide Claimant any tools or materials; and (5) Claimant could refuse to accept any assignment and could offer his services to other companies.

Claimant did not respond in writing to Employer's dispositive motion or statement of undisputed material facts as required by Rule 56 of the Tennessee Rules of Civil Procedure. However, he did participate in the summary judgment hearing. In granting Employer's motion, the Court deemed the facts as stated by Employer to be undisputed in accordance with Rule 56.03. It concluded Employer had properly supported its motion and had come forward with sufficient evidence to show Claimant would be unable to establish the existence of an employment relationship, an essential element of his claim. The court further concluded Claimant had not shown any genuine issues of material fact, and Employer was therefore entitled to judgment as a matter of law. Claimant has appealed.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] At the time the petition for benefits was filed, Claimant was represented by an attorney. However, the attorney withdrew as of February 7, 2020, and Claimant has proceeded in a self-represented capacity since that time.

A trial court's ruling on a motion for summary judgment is reviewed de novo with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("[W]e make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."). A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact at the summary judgment stage. *Rye v. Women's Care Ctr. of Memphis, PLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).

In his notice of appeal, Claimant stated he disagreed with the trial court's decision, but he did not identify any legal issues for review or assert how he believed the trial judge had erred in granting Employer's motion. Moreover, Claimant did not file a brief or any other statement in support of his appeal, so we are unable to discern any factual issues for review. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Claimant, we would be acting as his counsel, which the law clearly prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). In accordance with Tennessee Code Annotated section 50-6-239(c)(7), we must therefore presume the trial court's factual findings are correct, unless the preponderance of the evidence is otherwise.

We conclude the trial court did not err in determining that Employer filed a properly supported motion for summary judgment and that Claimant's failure to respond to Employer's statement of undisputed facts rendered those facts undisputed for purposes of the motion. We further conclude the trial court did not err in granting Employer's motion and dismissing this case. We therefore affirm the trial court's order in all respects and certify it as final. Costs on appeal are taxed to Claimant.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Custodio Lopez ) | Docket No. 2019-08-0785 |
| ) | |
| v. ) | State File No. 51638-2019 |
| ) | |
| Fayette Janitorial Service, LLC, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Deana C. Seymour, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of August, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Custodio Lopez | | | | X | custodiolopez1962@gmail.com |
| Paul Todd Nicks | | | | X | pnicks@travelers.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov